GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
　jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:　415.393.8200
Facsimile:　415.393.8306

THEANE EVANGELIS, SBN 243570
　tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
　mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:　213.229.7000
Facsimile:　213.229.7520

Attorneys for Defendant DOORDASH, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JANET MENIFEE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DOORDASH, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 3:19-cv-06346-JSC<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO STAY PENDING FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>[*Declaration of Andrew Wilhelm and [Proposed] Order filed concurrently herewith*]<br><br>Action Filed:  October 4, 2019<br><br>Honorable Jacqueline Scott Corley |

## INTRODUCTION

Defendant DoorDash, Inc. submits this administrative motion under Civil Local Rule 7-11 for an order staying this action pending final approval of a class settlement that would encompass this action.

On November 21, 2019, the plaintiff in an overlapping action, *Marciano v. DoorDash, Inc.*, No. CGC-18-567869 (S.F. Super. Ct.), filed a motion for preliminary approval of a class settlement. If approved, the settlement would release, among other things, claims that DoorDash has misclassified California and Massachusetts delivery providers as independent contractors, including claims brought under the Fair Labor Standards Act ("FLSA"), California Labor Code, and Industrial Welfare Commission ("IWC") Wage Orders. This action is encompassed within the proposed *Marciano* settlement. In her Amended Complaint, Plaintiff here alleges that she is a California delivery provider and that DoorDash has misclassified her as an independent contractor—the same claim being settled and released in *Marciano*. Courts regularly stay actions in similar circumstances.

In fact, this Court (the Honorable Judge Laurel Beeler) recently stayed a nearly identical FLSA action against DoorDash "pending final approval of the class settlement in *Marciano*," finding that a "stay is in in the best interests of judicial efficiency and comity." *Harriman v. DoorDash, Inc.*, No. 19-cv-06411, Dkt. 17 (N.D. Cal. Dec. 16, 2019) (Wilhelm Decl. Ex. A). A stay is likewise warranted here.[1]

## ARGUMENT

Plaintiff Janet Menifee filed this lawsuit under the FLSA, California Labor Code, California Wage Orders, and the Oakland Municipal Code. Plaintiff filed an Amended Complaint on December 13, 2019. Dkt. 17. In the operative complaint, she alleges that she is a California resident. *Id.* ¶ 4. She further alleges that DoorDash has misclassified her and other delivery providers as independent contractors. *Id.* ¶ 2. She brings five causes of action: (1) minimum wage violations under the FLSA, *id.* ¶¶ 54–58; (2) minimum wage violations under the California Labor Code and IWC Wage Order No. 9-2001, *id.* ¶¶ 59–61; (3) minimum-wage violations under the Oakland, California Municipal

---

[1] Counsel for DoorDash requested a stipulated stay from Plaintiff's counsel, but Plaintiff's counsel declined to stipulate. Wilhelm Decl. ¶¶ 2, 3.

Code, Title 5, Chapter 5.92, *id.* ¶¶ 62–66; (4) wage-statement violations under the California Labor Code, *id.* ¶¶ 67–69; and (5) violations of California's Unfair Competition Law ("UCL"), *id.* ¶¶ 70–71. Plaintiff's theory is that, because DoorDash allegedly misclassifies delivery providers as independent contractors, it necessarily violates minimum-wage and other labor laws. *Id.* ¶ 2 ("Rather than treat Ms. Menifee as an employee, DoorDash misclassifies her as an independent contractor, which means it fails to pay her a minimum wage; fails to pay her overtime; and fails to provide her with various other protections required by federal and state law."). DoorDash's deadline to respond to the Amended Complaint is December 27, 2019. *See* Fed. R. Civ. P. 15(a)(3).

The proposed class settlement would release, among other things, claims that DoorDash has misclassified its delivery providers as independent contractors, including claims under the FLSA, California Labor Code, IWC Wage Orders, and local ordinances. *See* Wilhelm Decl. Ex. B. The claims at issue here—all premised on misclassification—would be released if the *Marciano* court gives final approval of the class settlement. *See id.* at § 2.37 (releasing DoorDash from "all claims arising out of or relating to the alleged misclassification of Dashers, and specifically including: claims pursuant to" the FLSA, California Labor Code, IWC Wage Orders, and local minimum-wage ordinances). Plaintiff would have the option to opt out of the settlement. *See id.* at § 6.2.

This Court has already stayed a nearly identical FLSA action "pending final approval of the class settlement in *Marciano*," finding that a "stay is in in the best interests of judicial efficiency and comity." *Harriman v. DoorDash, Inc.*, No. 19-cv-06411, Dkt. 17 (N.D. Cal. Dec. 16, 2019). In *Harriman*, DoorDash filed an Administrative Motion for a stay, and Plaintiff opposed the stay request. Judge Beeler granted DoorDash's Administrative Motion for a stay. Likewise, the California Court of Appeal also stayed a nearly identical action against DoorDash pending approval of the *Marciano* settlement. *Brown v. DoorDash, Inc.*, No. B295813 (Cal. Ct. App. Dec. 12, 2019) (Wilhelm Decl. Ex. C). This Court should do the same.

Federal courts regularly stay actions in similar circumstances, including when the overlapping settlement agreement is subject to approval by a state court. Indeed, the Ninth Circuit has determined that "a temporary stay pending settlement of [a] nationwide class action was appropriate" when "a competing state class action covering a portion of the federal class posed a significant danger to the

delicate and transitory process of approving a settlement agreement." *Sandpiper Vill. Condo. Ass'n, Inc. v. La.-Pac. Corp.*, 428 F.3d 831, 845 (9th Cir. 2005) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)); *see also Advanced Internet Techs., Inc. v. Google, Inc.*, 2006 WL 889477, at *2 (N.D. Cal. Apr. 5, 2006) (staying action when a settlement agreement pending approval of Arkansas state court "would have a material impact on the action here," including "substantially affect[ing] the number of class members with viable claims"); *Branca v. Iovate Health Scis., USA, Inc.*, 2013 WL 1344306, at *2 (S.D. Cal. Apr. 2, 2013) (staying action pending ruling on pending class settlement by Santa Barbara Superior Court); *Rego v. Am. Honda Motor Co.*, 2012 WL 12953740, at *4–5 (C.D. Cal. Sept. 20, 2012) (staying action pending appeal of plaintiffs who objected to an overlapping class settlement approved by the San Diego Superior Court).

Similarly, federal courts frequently stay cases pending another federal court's approval of an overlapping settlement agreement. *See, e.g.*, *Pieterson v. Wells Fargo Bank, N.A.*, 2019 WL 1466963, at *1 (N.D. Cal. Feb. 14, 2019) (staying action while another district court "review[ed] the proposed settlement"); *Kallay v. Tween Brands, Inc.*, 2015 WL 13186225, at *1–2 (S.D. Ohio Oct. 29, 2015) (staying action where "a nationwide settlement loom[ed]" that would have "extinguished … a significant portion" of claims); *In re JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013) (staying action "in the interest of judicial economy because a settlement in [a parallel case] will obviate any further litigation of issues in this case"); *Perryman v. Litton Loan Servicing, LP*, 81 F. Supp. 3d 893 (N.D. Cal. 2015) (staying action where another court preliminarily approved an overlapping class settlement that encompassed the *Perryman* plaintiff's claims); *Packer v. Power Balance, LLC*, 2011 WL 1099001, at *2 (D.N.J. Mar. 22, 2011) (staying action where another court was "considering a comprehensive settlement of claims"); *Casserly v. Power Balance, LLC* 2011 WL 13220130, at *2 (C.D. Cal. June 13, 2011) (staying action to "conserve[] judicial resources" where the parallel "settlement would likely impact the scope of this action" and the hearing on final settlement approval was "a few months" away). This Court has stayed actions even where parties to another parallel action had not yet settled, but were at "advanced stage[s]" of negotiations. *Jaffe v. Morgan Stanley DW, Inc.*, 2007 WL 163196, at *1–2 (N.D. Cal. Jan. 19, 2007) (noting that a temporary stay may be extended if the parallel action reached a settlement, "to allow time for the class notice and opt-

out process to run its course").

Like all of the cases above, a stay pending approval of the *Marciano* settlement is appropriate here. The Court has inherent power to enter a stay. *See Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003) (discretionary stay permitted out of comity concerns). Because a court has "power to control its docket," it may order a stay when it "find[s] it is efficient for its own docket and the fairest course for the parties" to stay the action "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–864 (9th Cir. 1979). Courts generally consider three factors when determining whether a stay is appropriate: "(1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity that a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay." *Casserly*, 2011 WL 13220130, at *1 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

All three factors favor a stay here.

*First*, no damage will result from a stay. Plaintiff's claims here would be encompassed in the *Marciano* settlement and, if she is unhappy with the terms of that settlement, she may choose to opt out. Nor would the short delay here prejudice Plaintiff. In *Jaffe*, for example, the court entered a stay even where the parties to the parallel proceeding had not yet reached a settlement agreement. 2007 WL 163196, at *1. Here, the parties in the parallel action *already* have agreed on settlement terms. The *Marciano* settlement is scheduled for a preliminary approval hearing on January 14, 2020. Thus, "there is little damage to Plaintiff from granting the stay." *Casserly*, 2011 WL 13220130, at *2; *Packer*, 2011 WL 1099001, at *2 (stay appropriate when "Plaintiff has not shown any prejudice that will result from a brief stay while the related proceedings develop").

*Second*, DoorDash will suffer hardship absent a stay. If this case were to continue, the *Marciano* settlement could be placed in jeopardy because the parties would not know whether the claims asserted in this case could be released, and on what terms. Moreover, DoorDash "may be subject to duplicative and inconsistent rulings" if this Court were to decide any issues that overlap with *Marciano*. *Pieterson*, 2019 WL 1466963, at *2; *see also Rego*, 2012 WL 12953740, at *4–5 (defendant

would suffer hardship absent a stay due to the possibility of duplicative and unnecessary litigation that may yield conflicting results); *Pearson v. Wells Fargo, N.A.*, 2014 WL 2452802, at *4 (W.D. Wash. June 2, 2014) (noting that, absent a stay, "the uncertainty as to the ability of both [the plaintiff] and the putative class to participate in the litigation could cause considerable hardship to Defendants, complicate the litigation, and waste judicial resources"). DoorDash "should not be required to go forward when duplicative or unnecessary litigation is likely." *Rego*, 2012 WL 12953740, at *4.

*Third*, a stay would simplify (or even eliminate) the issues before this Court. A stay is appropriate when "[a] decision on settlement approval in [another court] will be a significant step toward … at least streamlining the questions that must be resolved by this Court and clarifying what claims remain in this case and who may pursue them." *Pieterson*, 2019 WL 1466963, at *3; *see also Casserly*, 2011 WL 13220130, at *2 (judicial economy favored stay where the parallel settlement "would likely impact the scope of this action"); *Rego*, 2012 WL 12953740, at *4 (stay warranted to avoid possibility of "piecemeal litigation"). Here, Plaintiff's claims will be encompassed within the *Marciano* settlement. Therefore, settlement approval in *Marciano* will be a significant step toward streamlining the issues and parties in this action.

## CONCLUSION

The Court should stay this action pending approval of the proposed *Marciano* class settlement that would encompass this action.

Dated:  December 19, 2019            GIBSON, DUNN & CRUTCHER LLP


By: /s/ Joshua Lipshutz
         Joshua Lipshutz

Attorneys for Defendant DoorDash, Inc.

# PROOF OF SERVICE

I, Tim Kolesk, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071, in said County and State. On December 19, 2019, I served the following document(s):

**DEFENDANT'S ADMINISTRATIVE MOTION TO STAY PENDING FINAL APPROVAL OF CLASS SETTLEMENT**

**DECLARATION OF ANDREW WILHELM**

**[PROPOSED] ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION**

On the parties stated below, by the following means of service:

Ashley Keller (pro hac vice)
  ack@kellerlenkner.com
Travis Lenkner (pro hac vice)
  tdl@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Keith A. Custis (#218818)
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

Attorneys for Plaintiff Janet Menifee

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2019

                                             */s/ Tim Kolesk*
                                             Tim Kolesk